Citation Nr: 1438738 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 04-16 056 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

1. Entitlement to an increased initial rating for a low back disability, rated 0 percent prior to December 22, 2009, and 10 percent as of December 22, 2009. 

2. Entitlement to an increased initial rating for a cervical spine disability, rated 0 percent prior to December 22, 2009, and 10 percent as of December 22, 2009.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. A. Rein, Counsel


INTRODUCTION

The Veteran served on active duty from August 1984 to June 1987, May 1988 to January 1992, March 1995 to May 2000, and November 2007 to the present. Although VA compensation shall not be paid during any period in which a veteran receives active service pay, VA must process claims of veterans who are currently on active duty in the same fashion as it would have for veterans who did not return to active duty. 38 C.F.R. § 3.700 (2013); VAOPGCPREC10-2004 (2004); 72 Fed. Reg. 5,801 (2007).

This case is before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. Jurisdiction of these matters is with the RO in Atlanta, Georgia.

In May 2006, the Veteran testified during a hearing before the undersigned Veterans Law Judge at the RO. A transcript of that hearing is of record. In July 2006, the Board remanded the claims for additional development. An October 2007 rating decision granted service connection for a low back disability, rated 0 percent, and for a left ankle disability, rated 10 percent, each effective May 20, 2000. In March 2008, these claims were remanded by the Board for further development. An August 2010 rating decision increased the rating from 0 percent to 10 percent for the low back disability, effective December 22, 2009. However, as that grant does not represent a total grant of benefits sought on appeal, the claim for increase remains before the Board. AB v. Brown, 6 Vet. App. 35 (1993). 

In November 2010, the Board remanded the case for additional development. In a June 2012 decision, the Board granted service connection for a cervical spine disability and remanded the remaining issues. In a June 2012 Report of General Information, it was confirmed that the Veteran remained in active duty status. In a June 2012 rating decision, the RO enacted the Board's grant of service connection for a cervical spine disability and assigned a 0 percent rating from May 20, 2000, and a 10 percent rating from December 22, 2009.

In March 2013, the Board issued a decision and remand that denied higher ratings for a left ankle disability and the low back disability. The Veteran appealed to the United States Court of Appeals for Veterans Claims. Pursuant to a March 2014 Joint Motion for Partial Remand, the Court remanded that part of the Board's decision that denied higher ratings for the service-connected low back disability consistent with the terms of the Joint Motion. The appeal to the remaining issue was dismissed.

The March 2013 Board decision and remand also remanded a claim for higher initial ratings for a cervical spine disability for the issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999). However, it does not appear that a statement of the case has yet been issued. 


REMAND

In the Joint Motion for Remand, the parties agreed that a remand was needed because the Board did not address favorable evidence and rating criteria that were in effect prior to December 22, 2009. In addition, the parties agreed that prior VA examinations did not comply with the Board's prior remand instructions in November 2010 and June 2012 to describe the impacts of flare-ups in terms of additional range of motion. 

In light of the above, the Board finds it prudent to afford the Veteran an additional VA examination that complies with the prior remand instructions. 

Accordingly, the case is REMANDED for the following action:

1. As requested in the March 2013 remand, issue the Veteran a statement of the case which addresses the issue of entitlement to increased initial ratings for a cervical spine disability. Notify the Veteran that if he wants appellate review of that issue, he must perfect an appeal.

2. Verify whether the Veteran remains on active duty, or, if discharged, obtain a copy of the Veteran's most recent service separation form and any pertinent service medical records.

3. Schedule the Veteran for a VA examination to determine the current nature and severity of the service-connected low back disability. The examiner must review the claims folder and should note that review in the report. The rationale for all opinions should be provided. Specifically, the examiner should provide the following information: 

(a) Set forth all current complaints, findings and diagnoses pertaining to any low back disability, to include both orthopedic and neurological. Any neurological manifestations should be described in detail and the specific nerve affected should be specified, with the degree of paralysis caused by the service-connected disability stated. 

(b) Provide ranges of motion of the low back in degrees. 

(c) The examiner should make specific findings as to whether there is objective evidence of pain on motion, weakness, excess fatigability, or incoordination associated with the low back. If pain on motion is observed, the examiner should indicate the point at which pain begins. In addition, the examiner should indicate whether, and to what extent, the Veteran experiences functional loss of the lumbar spine due to pain or any of the other symptoms during flare-ups or with repeated use. To the extent possible, the examiner should express any additional functional loss in terms of additional degrees of limitation of motion. 

(d) The examiner should state whether the low back disability results in any incapacitating episodes, which are defined as periods of acute signs and symptoms that require bed rest prescribed by a physician and treatment by a physician. If so, the examiner should state the total duration of incapacitating episodes in the previous year.

(e) The examiner should state whether there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis.

(f) The examiner should state what impact, if any, the Veteran's low back disability has on his employment and daily living.

4. Then, readjudicate the claim for higher ratings for a low back disability. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).